# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

**CIVIL CASE NO. 10-149-WOB-CJS**

**JB JORDAN**                                                                   **PETITIONER**

**v.**                       **REPORT AND RECOMMENDATION**

**DANIEL AKERS, WARDEN,**
**MARION ADJUSTMENT CENTER**                                      **RESPONDENT**

\* \* \* \* \* \* \* \* \* \*

On May 19, 2010, Petitioner JB Jordan, pro se, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (R. 1). On July 7, 2010, the United States filed its Answer and a Motion to Dismiss. (R. 10, 11). Petitioner did not file a reply despite having been given an extension of time to do so.[1] (R. 18). Having all relevant documents before the Court, the matter is now ripe for consideration and preparation of a Report and Recommendation. 28 U.S.C. § 636(b). For the reasons set forth below, it is recommended that Jordan's § 2254 petition be **denied.**

## I. Background

On August 24, 2007, a Knox County grand jury returned an Indictment charging Jordan with three counts of trafficking in a controlled substance in the second degree, second offense, and three counts of trafficking in a controlled substance in the second degree, first offense. (R. 10-4). On

---

[1] On October 12, 2010, mail directed to Jordan was returned as "undeliverable" to the Clerk of Court. Specifically, the envelope indicates it was received by the institution on October 6, 2010, and has stamped on its face "Moved, Left No Address," and the handwritten notation "Paroled." (R. 22). Petitioner has not notified the Clerk of his new address, despite the Court's instructions to do so (R. 7), nor filed a Reply in this matter. It is reasonable to assume the Petitioner, having now been paroled, is no longer interested in pursuing his Petition. Nevertheless, the Court will address the merits of his claim.

August 28, 2008, the Indictment was amended to dismiss the three counts of trafficking in a controlled substance, second degree, first offense. (*Id*.)

Jordan's jury trial commenced on August 28, 2008, and concluded the same day when the jury returned a verdict of guilty on two counts of trafficking in a controlled substance, second degree and one count of the lesser-included offense of possession of a controlled substance, second degree. (R. 10-4, at 12-14). Prior to the sentencing phase, a juror had a family emergency requiring her to leave. (R. 20, DVD of Plea Proceedings). Instead of continuing the sentencing phase to a later date, Jordan agreed to plead guilty to the charges in exchange for the Commonwealth recommending a sentence of a total term of imprisonment of 14 years. (*Id*.) Jordan also agreed to forfeit $11,974.00. (*Id*.).

On September 29, 2008, Jordan appeared for sentencing. (R. 20, DVD of Sentencing, at 2:06:44). Pursuant to the plea agreement between the parties, the Court sentenced Jordan to 14 years imprisonment. (*Id*.). No direct appeal was taken in this case.

On February 10, 2009, counsel responded to a letter from Jordan, stating he had received his letter of February 6, 2009, and that it was the first communication he had received from him since the sentencing. (R. 12-3, at 11). Counsel explained in the letter that he filed a motion for shock probation on Jordan's behalf, which was denied, and that he had sent him a copy of the court's order. (*Id*.). He also explained that when Jordan's wife inquired about an appeal, he explained his fees for filing an appeal and told her to confer with Jordan and let him know if she wanted him to pursue the appeal. (*Id*.). Counsel concluded the letter by stating that when he did not hear back from Jordan's wife, he understood her silence to mean he should not file an appeal. (*Id*.).

On August 25, 2009, Jordan filed, pro se, a Motion for Belated Appeal with the Kentucky Court of Appeals, arguing that counsel failed to file a notice of appeal and failed to advise him of

his right to appeal in forma pauperis. (R. 12-3, at 3-6). The Kentucky Court of Appeals denied Jordan's motion, finding he had not presented an argument that would satisfy the criteria for a belated appeal as provided in *Commonwealth v. Wine*, 694. S.W.2d 689 (Ky. 1985). (R. 12-3, at 15-17). On December 16, 2009, Jordan filed a motion with the Kentucky Supreme Court seeking discretionary review, which the Court denied on April 14, 2010. (R. 12-4, at 24).

On May 20, 2010, Jordan filed a motion with the Knox Circuit Court asking the court to correct a clerical mistake in the Judgment and Sentence on Plea of Guilty, arguing he did not plead guilty but was convicted by a jury. On May 24, 2010, the Knox Circuit Court entered an Order denying the motion, finding that Jordan had entered into a plea agreement after the jury verdict, which superseded the verdict. (R. 10-7, at 80). On the same day Jordan mailed his motion to Knox Circuit Court, he also mailed the pending Petition under § 2254, asserting a claim of ineffective assistance of counsel for failing to file a notice of appeal.[2] (R. 1).

**II.     Analysis**

Review of a petition for habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Subsection (d) of the statute imposes the following standard of review that a federal court must utilize when reviewing such applications:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2] Jordan filed his Petition in the United States District Court for the Western District of Kentucky. (R. 1). On May 26, 2010, Chief Judge Russell transferred Jordan's Petition to this Court. (R. 3).

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In his § 2254 Petition, Jordan asserts that he was denied his Sixth Amendment right to the effective assistance of counsel by counsel's failure to file a notice of appeal on his behalf.

### A. Jordan's Claim is not Procedurally Defaulted.

Respondent argues that Jordan's claim is procedurally defaulted, and this Court is therefore precluded from considering his claim. This argument is without merit.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all available state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). To be deemed properly exhausted, each claim must have been 'fairly presented' to the state courts, including presenting the claim to the state's highest court. *Id.* at 483; *see also Wagner v. Smith,* 581 F.3d 410, 414-15 (6th Cir. 2009). "Fair presentation requires that the state courts be given the *opportunity* to see both the factual and legal basis for each claim." *Wagner*, 581 F.3d at 414-15 (emphasis added).

Here, Jordan raised the issue of ineffective assistance of counsel for failing to file a direct appeal in his Motion for Belated Appeal to the Kentucky Court of Appeals. (R. 12-3, at 3). The Kentucky Court of Appeals considered the claim, found it had no merit and denied Jordan's motion without much discussion. (R. 12-3, at 18). Jordan filed a Motion for Discretionary Review with the Kentucky Supreme Court, which denied review. (R. 12-4, at 24).

4

The Kentucky Supreme Court has held that where the Court of Appeals has denied a request for reinstatement of an appeal, the request cannot be litigated anew in the trial court pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42. *See Commonwealth v. Wine*, 694 S.W.2d 689, 694 (Ky. 1985), *overruled in part by Hollon v. Commonwealth,* – S.W.3d – , 2010 WL 4679534 (Ky. Nov. 18, 2010) (opinion not yet final) (holding ineffective assistance of appellate counsel claim based on appellate counsel's failure to raise "glaringly important issue" may be raised in an RCr 11.42 motion). Since the Kentucky Court of Appeals denied Jordan's request for a belated appeal and the Kentucky Supreme Court denied discretionary review, there is no state remedy remaining for him to pursue. *Id*. Accordingly, Jordan has exhausted his available state remedies on this claim and the issue can be considered here.

### B. Jordan's Ineffective Assistance of Counsel Claim Fails.

The issue before the Court is whether the state court's decision is "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). "[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams*, 529 U.S. at 405-06). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting

5

*Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Under the Sixth Amendment, criminal defendants have a right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). The *Strickland* test applies in situations such as Jordan's, when there is a claim that counsel was constitutionally ineffective for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). To succeed on an ineffective assistance claim, a defendant must show that his counsel's performance was deficient and that it prejudiced his defense. *Strickland*, 466 U.S. at 687. A counsel's performance was deficient if it was objectively unreasonable under the circumstances. *Id*. at 688. It was prejudicial if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Here, although the Kentucky Court of Appeals did not provide a detailed analysis for its decision to deny Jordan's Motion for a Belated Appeal, it acknowledged his argument that counsel failed to file a notice of appeal on his behalf. The appellate court concluded that Jordan did not satisfy the criteria for granting his motion. (R. 12-3, at 18-19).

In *Roe v. Flores-Ortega*, the Supreme Court held that *Strickland's* analysis applied to claims that a defendant has been denied effective assistance of counsel by counsel's failure to file a notice of appeal. 528 U.S. at 477. The Court bifurcated the performance prong into two inquiries. First, a court must determine whether the defendant specifically instructed counsel to file an appeal; if so, counsel performs in a professionally unreasonable manner if he failed to follow the defendant's

express instructions. *Id*. Second, if the defendant did not give counsel specific instructions regarding an appeal, the inquiry becomes whether counsel consulted with the defendant regarding an appeal. If counsel consulted with the defendant, he performs in an unreasonable manner only if he failed to follow the defendant's instructions. *Id*. at 478. If counsel has not consulted with the defendant regarding an appeal, the court must determine whether counsel had a constitutional duty to so consult with his client.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id*. at 479.

Here, Jordan argues for the first time that he told his counsel he "wanted to appeal his conviction" both after his conviction and again at sentencing. (R. 1-2). The record, however, refutes Jordan's self-serving declaration.[3]

In his Motion for a Belated Appeal to the Kentucky Court of Appeals, Jordan explained:

> 5. Movant's trial counsel failed to file a Notice of Appeal for the movant and failed to advise him of his rights as is contained within Kentucky Rules of Criminal Procedure, RCr 11.02(2) . . .
>
> 6. Movant wants to appeal his conviction under Knox Circuit Court Indictment No. 07-CR-00069-001. Movant relied on his attorney for legal advise [sic] and assistance. Movant never told his lawyer that he did not want to appeal his conviction, nor did he ever sign any sort of waiver of right to appeal.
>
> 7. Movant's trial counsel failed to ensure that movant's conviction would be appealed. The failure to advise movant of his rights to appeal and to file a notice of

---

[3]AEDPA generally prohibits federal habeas courts from granting evidentiary hearings when applicants have failed to develop the factual bases for their claims in state courts. 28 U.S.C. § 2254(e)(2). Further, an evidentiary hearing is not required when, as here, a petitioner's factual allegations are contravened by the existing record. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

> appeal in movant's case has denied movant the effective assistance of counsel and his right to appeal.

(R. 12-3, at 4). Thus, in the state court, Jordan argued that counsel failed to advise him of his right to appeal. Jordan also argued that because he had not instructed counsel not to appeal, counsel should have known to proceed with that filing. However, the Supreme Court has expressly rejected a per se rule requiring counsel to file a notice of appeal unless his client instructs otherwise. *Flores-Ortega*, 528 U.S. at 478. Here, Jordan did not provide evidence to the Kentucky court that he expressly told his counsel that he wanted to appeal.

In addition, the February 10, 2009, letter from counsel is further evidence that Jordan did not specifically direct counsel to file a notice of appeal. (R. 1-2, at 9). In the letter, counsel explained it was the first communication he had received from Jordan since the September 2008 sentencing. Counsel also explained that upon inquiry by Jordan's wife, counsel explained his fee for appellate work and told her to discuss the matter with Jordan and let him know if Jordan wished to appeal. When counsel did not receive further direction, he concluded no appeal would be filed. The Court finds the record refutes Jordan's claim that he gave counsel specific instructions to file a notice of appeal.

In fact, to the contrary, Jordan argued in the state court that counsel was ineffective not because he failed to follow Jordan's specific directive, but because he did not consult with him regarding an appeal. The Court must determine whether, under the facts of this case, counsel had a constitutionally imposed duty to consult with Jordan about an appeal. *Flores-Ortega*, 528 U.S. at 478. The Supreme Court has held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that

this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 479. The facts in this case do not support a finding that counsel was unreasonable in concluding Jordan would not want to appeal, and therefore counsel did not have a constitutional duty to consult with Jordan about an appeal.

First, the plea proceedings unequivocally establish, despite Jordan's assertion to the contrary, that Jordan entered into a plea agreement after the jury reached its verdict but before the completion of the sentencing phase. During the plea proceedings, Jordan admitted his guilt to the charges. (R. 20, DVD of Plea Proceedings, at 5:43). In addition, during the plea colloquy, the Court asked Jordan if he understood he was giving up the right to appeal, and Jordan stated that he was aware he was waiving certain constitutional rights and that it was his desire to plead guilty. (*Id.* at 5:49:17). Jordan also signed a Motion to Enter Guilty Plea, wherein he acknowledged he was waiving the right to appeal to a higher court. (R. 10-4, at 15). Counsel verified on the record that he read the Motion to Enter Guilty Plea to Jordan, including the section regarding the waiver of his right to appeal, and that he believed Jordan understood the agreement. (R. 20, DVD of Plea Proceedings, at 5:43; R. 10-4, at 15). The trial court found, after a detailed plea colloquy, that Jordan knowingly, voluntarily and intelligently entered into the plea agreement, and the court accepted his plea of guilty. Furthermore, the Court sentenced Jordan to the agreed-upon term of incarceration of 14 years.

The record fails to demonstrate that defense counsel performed in a constitutionally ineffective manner by failing to consult with Jordan regarding the filing of an appeal. Jordan had entered into a plea agreement, admitted his guilt to the charges, waived his right to appeal, and was sentenced as anticipated. *See Ahart v. Bradshaw*, 122 F. App'x 188, 194 (6th Cir. 2005) (not unreasonable for counsel not to consult with client about appeal when client received sentence

9

expected per plea agreement). Thus, it was not unreasonable for counsel to conclude that a rational defendant would not want to appeal. Further, Jordan has not articulated a viable, non-frivolous ground for appeal. *See Roe v. Flores-Ortega*, 528 U.S. at 484-86.

Therefore, Jordan's ineffective assistance of counsel claim is without merit and his Petition should be dismissed.

### III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is

recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### IV. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) Respondent's Motion to Dismiss (R. 11) be **granted;**

(2) The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (R. 1) be **denied;**

(3) A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(4) This action be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within 14 days of being served with a copy. Fed. R. Civ. P. 72(b)(2).

Dated this 22nd day of December, 2010.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2254 General\10-149-JordanvAkers.wpd